# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1049 TIA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motion will be granted.

Plaintiff brings this case pursuant to the Federal Torts Claim Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). In his complaint, plaintiff alleged that he received an overdose of seizure medication from a Veterans Affairs ("VA") physician in 1997. Plaintiff filed an administrative claim with the VA claiming negligence on October 14, 2003. On June 1, 2004, the VA denied his FTCA claim, finding "no evidence to demonstrate that [plaintiff] received substandard medical care." Plaintiff filed a motion for reconsideration, and the VA issued a final ruling disposing of plaintiff's claim on September 29, 2004. Plaintiff filed the instant action on July 15, 2008.

Under 28 U.S.C. § 2401(b), a "tort claim against the United States shall be forever barred unless . . . [a civil] action is begun within six months after the date of

mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." A "plaintiff's compliance with the statute of limitations is prerequisite to the district court's jurisdiction over a suit against the United States under the FTCA." T.L. v. United States, 443 F.3d 956, 961 (8th Cir. 2006).

"[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset [of the case]." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn, 918 F.2d at 729.

Plaintiff filed this action almost four years after he received notice of the final denial of his claim by the VA. As a result, plaintiff failed to comply with the statute of limitations, and the Court does not have jurisdiction over the subject matter of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [#11] is **GRANTED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this  12th  day of February, 2009.

                                          /s/ Terry I. Adelman
                                 UNITED STATES MAGISTRATE JUDGE